```
                          United States Bankruptcy Court
                               District of Oregon

In re:                                                       Case No. 11-31792-rld
Gerald G. Monckton                                           Chapter 13
Agustina L. Monckton
       Debtors                    CERTIFICATE OF NOTICE

District/off: 0979-3        User: doria            Page 1 of 2            Date Rcvd: May 05, 2011
                            Form ID: pdf018        Total Noticed: 31


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 07, 2011.
db/jdb        +Gerald G. Monckton, Jr,    Agustina L. Monckton,    1730 SW 203rd Avenue,    Aloha, OR 97006-2164
99223003       1st Security Bank Of Washington,    POB 97000,    Lynnwood, WA  98046-9700
99223004      +1st Security Bank Of Washington,    C/O Joseph C. Adams, CEO,    6920 220th Street SW,
               Mountlake Terrace, WA 98043-2177
99248001      +1st Security Bank of Washington,    ATTN: Kathy VonHagel,    PO Box 97000,    Lynnwood WA 98046-9700
99223006      +American General Financial Services, Inc,    C/O CT Corporation System, RA,
               388 State Street, Suite 420,    Salem, OR  97301-3581
99275517      +BACK BOWL I LLC,    C O WEINSTEIN AND RILEY, PS,    2001 WESTERN AVENUE, STE 400,
               SEATTLE, WA 98121-3132
99223007      +Chase Auto Finance,    POB 901076,    Fort Worth, TX 76101-2076
99223008      +Chase Auto Finance Corp.,    C/O CT Corporation System, RA,    388 State St Ste 420,
               Salem, OR  97301-3581
99223009       Chase Home Finance, LLC,    3415 Vision Drive,    Columbus, OH  43219-6009
99223010       CitiBank,    POB 6013,    Sioux Falls, SD  57117-6013
99223013       GMAC Mortgage,    POB 4622,    Waterloo, IA  50704-4622
99223014      +GMAC Mortgage, LLC,    C/O Corporation Service Company, RA,    285 Liberty St. NE,
               Salem, OR 97301-3865
99223015       Internal Revenue Service,    Centralized Insolvency Operations,    POB 7346,
               Philadelphia, PA  19101-7346
99223016      +JP Morgan Chase Bank,    C/O Jamie Dimon, CEO,    270 Park Avenue,    New York, NY 10017-2036
99223018      +Key Bank,    127 Public Square,    Cleveland, OH 44114-1217
99223017       Key Bank,    POB 5287,    Boise, ID  83705
99246147      +KeyBank,N.A.,    C/O Weltman,Weinberg & Reis Co.,LPA,    323 W Lakeside Ave 2nd Fl,
               Cleveland,Ohio 44113-1085
99223019      +NuView Design LLC,    POB 1924,    Battleground, WA 98604-1924
99223021      +Sears,    POB 6283,    Sioux Falls, SD 57117-6283
99223022     ++US BANK,    PO BOX 5229,    CINCINNATI OH 45201-5229
              (address filed with court: US Bank,    POB 790408,    St Louis, MO  63179-0408)
99223023      +Washington County Tax & Assessment,    C/O Richard Hobernicht, Director,    155 N 1st Ave Rm 130,
               Hillsboro, OR 97124-3001
99244647      +Wells Fargo Bank NA,    4137 121st Street,    Urbandale IA 50323-2310
99223024       Wells Fargo Financial Cards,    POB 98791,    Las Vegas, NV  89193-8791

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
99228621       E-mail/PDF: cbp@agfinance.com May 06 2011 01:35:36      Springleaf Financial Services, Inc.,
               2020 NE CORNELL RD STE J,    HILLSBORO OR 97124
99223005       E-mail/PDF: cbp@agfinance.com May 06 2011 01:35:36      American General Finance,
               2020 NE Cornell Road, Suite J,    Hillsboro, OR  97124
99241800      +Fax: 602-221-4614 May 06 2011 00:15:24      Chase Auto Finance,    201 N Central Ave AZ1-1191,
               Phoenix, AZ 85004-0073
99223011      +E-mail/PDF: mrdiscen@discoverfinancial.com May 06 2011 01:46:27      Discover Bank,    POB 30421,
               Salt Lake City, UT 84130-0421
99225609       E-mail/PDF: mrdiscen@discoverfinancial.com May 06 2011 01:46:27      Discover Bank,
               DB Servicing Corporation,    PO Box 3025,    New Albany, OH  43054-3025
99223012      +E-mail/PDF: gecsedi@recoverycorp.com May 06 2011 01:48:03      GEMB/JC Penney,    POB 981402,
               El Paso, TX 79998-1402
99245065      +E-mail/Text: bankruptcy.revenue@dor.state.or.us May 06 2011 00:00:06      ODR Bkcy,
               955 Center St NE,    Salem OR 97301-2553
99223020      +E-mail/Text: bankruptcy.revenue@dor.state.or.us May 06 2011 00:00:06      ODR-Bkcy,
               955 Center NE #353,    Salem, OR 97301-2553
                                                                                               TOTAL: 8

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

```
***** BYPASSED RECIPIENTS (continued) *****
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: May 07, 2011**                     **Signature:**       _/s/ Joseph Speetjens_

Below is an Order of the Court.

_____
RANDALL L. DUNN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) 
**Gerald G. Monckton, Jr.** ) Case No. **11-31792-rld13**
**Agustina L. Monckton** )
) CONFIRMATION HEARING DATE **5/5/11**
)
) **ORDER CONFIRMING PLAN**
Debtor(s) ) **AND RESOLVING MOTIONS**

  The debtor's plan having been provided to creditors and the Court having found that it complies with 11 USC §1325, now, therefore IT IS ORDERED:

  1. The debtor's plan dated **3/8/11**, as modified by any amendment shown in ¶11, is confirmed.

  2. The debtor shall incur no credit or debt obligations during the life of the plan without the trustee's written consent unless made necessary by emergency or incurred in the ordinary course of operating the debtor's business. Unless waived by the trustee in writing, the debtor shall report immediately, upon receipt of notice of the change, to the trustee if actual or projected gross annual income exceeds by more than 10% the gross income projected by the debtor in the most recently filed Schedule I. Except for those amounts listed in the schedules, the debtor shall report immediately to the trustee any right of the debtor or debtor's spouse to a distribution of funds (other than regular monthly income) or other property which exceeds a value of $2,500.00. This includes the right to disbursements from any source, including, but not limited to, bonuses and inheritances. Any such funds to which the debtor becomes entitled shall be held by the debtor and not used without the trustee's permission, or, if such permission is not obtained, a court order. The debtor shall not buy, sell, use, lease (other than a lease of real property in which the debtor will reside), encumber or otherwise dispose of any interest in: (a) real property; or (b) personal property with a value exceeding $10,000.00 outside the ordinary course of business without notice to all creditors and the trustee, with an opportunity for hearing unless such property is acquired through the use of credit and the trustee's permission is obtained pursuant to the first sentence of this paragraph.

  3. During the life of the plan, the debtor(s) shall timely file all required tax returns and provide copies of all tax returns to the trustee each year immediately upon filing with the taxing authority. The debtor's failure to pay postpetition tax and/or domestic support obligations may constitute cause for dismissal of the debtor's Chapter 13 case under 11 USC §1307(c).

[Note: Printed text may not be stricken]

1350.05 (9/1/09) **Page 1 of 3**    \*\*\* SEE NEXT PAGE \*\*\*

4. The debtor's attorney is awarded $**3,250.00** for attorney fees, of which $**940.00** previously has been paid by the debtor, leaving a balance of $**2,310.00** to be paid through the plan.

5. The value of collateral securing debts due holders of secured claims is fixed at the values stated in the plan or the modifications in ¶11 below, only if a valuation motion(s) was included in the plan and served as required under FRBP 7004, or the allowed amount of the secured claim was fixed by consent of the concerned secured creditor. In all other circumstances, the value of such collateral, if contested, shall be established through the claims process or otherwise, as provided in title 11 or the FRBP. Executory contracts and unexpired leases are assumed or rejected as provided in the plan or the modifications in ¶11 below. The name and service address for each creditor affected by this paragraph are [**Note**: List alphabetically and only one creditor per line]:
**American General Financial Services, Inc., c/o CT Corporation System, RA, 388 State Street, STE 420, Salem, OR 97301**

6. Nothing in the proposed plan or in this order shall be construed to prohibit the trustee from prevailing in any adversary proceedings filed under 11 USC §§544, 545, 547, 548 or 549.

7. (a) Pursuant to 11 USC §522(f)(1)(A) the court hereby avoids the following judicial liens [**Note**: Listed alphabetically, and only one per line, include each creditor's name and service address]:
**None**

(b) Pursuant to 11 USC §522(f)(1)(B) the court hereby avoids the following non-purchase money liens [**Note**: Listed alphabetically, and only one per line, include each creditor's name and service address]:
**None**

8. The debtor, if operating a business without a tax account, shall open a separate bank account and promptly deposit all sums withheld from employees' wages and all employer payroll taxes, and shall make no disbursements from such account except to pay tax liabilities arising from payment of wages.

9. All payments under the confirmed plan shall be paid no later than 5 years after the date the first payment was due under 11 USC §1326(a)(1). If all payments are not completed by that date, the case may be dismissed.

10. All creditors to which the debtor is surrendering property pursuant to the plan are granted relief from the automatic stay to effect possession and to foreclose.

[Note: Printed text may not be stricken]

11. The debtor moves to amend the plan by interlineation as follows, which amendments are allowed and become part of the confirmed plan [**Note**: Listed alphabetically, and only one per line, include the name and a service address for any creditor whose address is not listed in ¶5]:
**See the attached 'Exhibit 1 to OCP'**

12. Creditors with prepetition claims excepted from the debtor(s)' discharge are enjoined from initiating any collection actions against the debtor(s) until this case is closed, dismissed, or converted to another chapter under title 11, unless they obtain relief from this order.

13. The terms of this order are subject to any objection filed within 15 days by [**Note**: Listed alphabetically, and only one per line, include the name and a service address for any creditor whose address is not listed in ¶¶ 5, 7 or 11]:

**1st Security Bank of Washington, c/o Joseph C. Adams, CEO, PO Box 97000, Lynnwood, WA 98046**

14. The trustee is authorized to commence disbursements in accordance with the plan.

15. In the event this case is converted to Chapter 7, and the Chapter 13 trustee possesses funds aggregating more than $2,500.00 at the time of conversion, the Chapter 13 trustee shall forward all such funds to the debtor, in care of the debtor's attorney, if any, 10 days after the first scheduled §341(a) meeting in the Chapter 7 case unless, prior to that date, the Chapter 7 trustee files and serves a written objection pursuant to 11 USC §348(f)(2). In the event the funds in the trustee's possession at such time aggregate $2,500.00 or less, or in the event this case is dismissed, the Chapter 13 trustee shall forward all funds in the trustee's possession to the debtor in care of the debtor's attorney, if any. Nothing in this paragraph is to be construed as a determination of the rights of the parties to such funds.

16. All mortgage creditors are granted relief from the automatic stay and co-debtor stay to negotiate with the debtor and co-debtor regarding modification of the underlying loan agreements, providing that any modification must receive the written consent of the trustee or be approved by order of the Court in order to become effective. Negotiations with represented debtors must be with debtor's counsel who may consent to the creditor communicating directly with the debtor.   ###

*I certify that on* ___5/2/11___ *I served this Order on the trustee for submission to the court.*

[To be completed if debtor's attorney elected to be paid per Schedule 2(b) on LBF #1305.] *I further certify under penalty of perjury that, through* _____ *[date], I have incurred hourly fees of $*_____*, and expenses of $*_____*, for a total of $*_____*. I have contemporaneous time records and will provide an itemization of my fees and expenses to the Court or any party in interest in this case upon request.*

Approved: _____
Trustee

/s/ Ted A. Troutman, OSB 844470
Debtor or Debtor's Attorney

1350.05 (9/1/09) Page 3 of 3    [Note: Printed text may not be stricken.]

# Exhibit 1 to OCP

Gerald G. Monckton, Jr.
Agustina L. Monckton
11-31792-rld13

1. Paragraph 1(a), strike "$600" and replace with, "$600 x 2, $700 thereafter".

2. Paragraph 1(e), add "Plus overtime proceeds pursuant to paragraph 13."

3. Paragraph 2(b)1, add the following creditor claim to be paid through the Plan:

| 1st Security Bank | Cabinets, Counters, & Flooring | N/A | N/A | $6,834 | 5% | $135 |

4. Paragraph 13, strike all existing language and replace with: "During the life of the Plan Mr. Monckton shall pay to the Trustee, during the month of receipt, one third (1/3) of any gross overtime wages over and above the overtime of $365.00 previously listed on Schedule I. Debtors must make such payments by separate money order or cashier check and state on the check 'overtime earnings'. At the end of each calendar year during the life of the Plan debtors shall provide the Trustee with a copy of Mr. Monckton's year end pay stub for each employment during that year. Should debtors not provide this information the Trustee may calculate the additional overtime amounts based upon the difference between the tax returns and the most recent Schedule I and add the calculated amount to the Plan Base. Debtors must pay the amount of this calculation into the plan prior to receiving a discharge."

Page 1 of 1