# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF OREGON

| In re:<br><br>AGUSTINA L. MONCKTON<br>GERALD G. MONCKTON, JR.,<br><br>Chapter 7 Debtors | Case No. 11-31792<br><br>MOTION FOR EXPEDITED RULING TO DETERMINE DISALLOWED CLAIM PRIOR TO REDEMPTION DEADLINE |
|---|---|

Annika Eriksson ("Movant"), owner of real property located at 1730 SW 203rd Ave, Beaverton, OR 97003 ("Property"), hereby moves the Court on an expedited basis for an order determining that any claim held by Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2006-QS14 ("Deutsche Bank") was disallowed in this bankruptcy proceeding, prior to issuance of a sheriff's deed.

Debtors filed for Chapter 13 bankruptcy on March 8, 2011 listing the Property as an asset and Deutsche Bank (through GMAC Mortgage LLC) as holder of a secured claim.

The case was converted to Chapter 7 on May 20, 2015 and Debtors received a discharge order on November 4, 2015 without an allowed secured claim.

Movant has discovered documentation showing Deutsche Bank filed inconsistent proofs of claim and produced multiple versions of notes in foreclosure actions against the Property, calling into question its actual secured status.

Post-discharge, Deutsche Bank pursued foreclosure against the Property despite its claim never being allowed, in contravention of the Bankruptcy Code and discharge order.

WHEREFORE, Movant respectfully requests this Court determine that Deutsche Bank

held only an unsecured or disallowed claim in this proceeding not subject to post-discharge collection, and determining its current foreclosure pursuit to be in violation of the automatic stay and discharge injunction.

Movant respectfully proposes this motion be heard on an expedited basis to provide clarity and protect the discharge order's effect, given the time-sensitive deadline. Without clarification of its allowed status, Movant risks losing ownership rights if the redemption period lapses. A ruling preserving the status quo fulfills the Court's intent to protect debtors and interested parties under the Bankruptcy Code.

Dated: December 5, 2023

Annika Eriksson, Movant